IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STARSTONE SPECIALTY INSURANCE COMPANY, | § § § | No. 174, 2026 |
| Defendant/Counterclaim Plaintiff Below, Appellant, | § § § § § | Court Below–Superior Court of the State of Delaware<br><br>C.A. No. N25C-08-064 |
| v. | § § | |
| VIEW OPERATING CORPORATION, | § § § § | |
| Plaintiff/Counterclaim Defendant Below, Appellee. | § § § § | |

Submitted: April 28, 2026
Decided: June 12, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1)     In March 2021, CF Finance Acquisition Corp. II ("CF II"), acquired the appellee, View Operation Corporation ("Legacy View"), in a de-SPAC merger transaction. As part of the merger agreement, CF II assumed the name View, Inc. ("Public View"), and Legacy View survived as a wholly owned subsidiary of Public View. Following the merger, Public View's audit committee disclosed an internal investigation into potential material misrepresentations made in its filings with the

Securities and Exchange Commission. Thereafter, the SEC launched an investigation into the company's disclosures, and three lawsuits followed. First, CF II shareholders filed suit against, among others, CF II and Vidul Prakash, a former officer of both Legacy View and Public View. The parties settled this lawsuit in late 2025. Second, CF II stockholders filed derivative claims against Legacy View's and Public View's directors and officers. Third, the SEC filed suit against Prakash.

(2) Legacy View sought coverage from its five liability insurers for defending and settling these proceedings. Only the appellant, StarStone Specialty Insurance Company ("StarStone"), denied coverage, and its denial prompted Legacy View to bring suit in the Superior Court. Legacy View sought coverage under an insurance policy that StarStone issued to Legacy View that "follows form" to a primary insurance policy issued by a non-party insurer (the "Followed Policy"). Relevant here, the Followed Policy provides that "[t]he Insurer shall pay on behalf of the Company Loss arising from a Claim … only when and to the extent that the Company has indemnified such Insured Person for such Loss" (the "Company Reimbursement Policy").[1] The parties cross-moved for summary judgment, with StarStone arguing in part that it had no current obligation to pay Prakash's defense costs, reasoning that Legacy View has not yet "incurred a loss" under the Company

---

[1] *View Operating Corp. v. StarStone Specialty Ins. Co.*, 2026 WL 895939, at *2 (Del. Super. Ct. Mar. 30, 2026).

Reimbursement Policy because it has not reimbursed—that is, actually paid—Prakash for his defense costs.

(3)     On March 30, 2026, the Superior Court denied StarStone's motion for summary judgment (the "SJ Opinion").[2] StarStone then asked the Superior Court to certify an interlocutory appeal of the SJ Opinion under Supreme Court Rule 42. Legacy View opposed the application, and Prakash joined Legacy View's opposition.

(4)     On April 28, 2026, the Superior Court denied StarStone's application. The court first addressed whether the SJ Opinion involved a substantial issue of material importance—a threshold inquiry under Rule 42. The court concluded that, although the SJ Opinion might implicate StarStone's rights vis-à-vis its obligation to reimburse Legacy View, the SJ Opinion had merely interpreted the terms of the Followed Policy.  The court observed that "[c]ontract interpretation, no matter the stakes, generally is not the kind of undertaking worthy of midstream intervention by our high court."[3]  The court nevertheless addressed the Rule 42(b)(iii) factors cited by StarStone. As to factor A (the interlocutory order resolves a novel question of law), the court concluded that the SJ Opinion had not created new law but had only

---

[2] *Id*. at *11 (in the same opinion, the court also granted Legacy View's motion for partial summary judgment).

[3] Notice of Appeal, Ex. E at 5 (quoting *Northrup Grumman Innovation Sys., Inc. v. Zurich Am. Ins. Co.*, 2021 WL 772312, at *3 (Del. Super. Ct. Mar. 1, 2021)).

3

resolved a case-specific issue of contract interpretation. And the court rejected StarStone's argument that factor C (the interlocutory order relates to the constitutionality, construction, or application of a statute, which has not been, but should be, settled by this Court in advance of an appeal from a final order) favored interlocutory review because the SJ Opinion did not, as StarStone claimed, implicate a corporate officer's or director's eligibility for indemnification under 8 *Del. C.* § 145. Finally, the court determined that factor H (interlocutory review would serve considerations of justice) did not support interlocutory review because StarStone did not argue that it faced irreparable harm in the absence of interlocutory review. Observing that "the circumstances of this appeal lack the urgency or novelty to merit the disruption, delay, and resource drain intrinsic to interlocutory appeal," the court denied StarStone's application.

(5)    We agree that interlocutory review is not warranted here. Applications for interlocutory review are addressed to the sound discretion of the Court.[4] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the SJ Opinion do not exist

---

[4] Del. Supr. Ct. R. 42(d)(v).

in this case,[5] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[6]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal be REFUSED.

BY THE COURT:

*/s/ Gary F.Traynor*
Justice

---

[5] Del. Supr. Ct. R. 42(b)(ii).
[6] Del. Supr. Ct. R. 42(b)(iii).